In the Matter of BOND AND MORTGAGE GUARANTEE COMPANY (535 Parkside Ave., Brooklyn, New York — Guarantee No. 181,392). FANNY EHRLICH, Appellant; BROOKLYN TRUST COMPANY, as Trustee, et al., Respondents.— Appeal by Fanny Ehrlich, a certificate holder, from so much of an order as directs that the trustee recover from her its costs and expenses in resisting an application made by appellant to sell the assets of the trust estate, and that the trustee have a lien upon the certificates of participation owned by appellant for such costs and expenses. Order modified on the law and the facts by striking out the second ordering paragraph, and by striking from the third and fourth ordering paragraphs the words "said Trustee to be reimbursed therefor as aforesaid". As so modified, the order, insofar as appealed from, is affirmed, without costs. Under the circumstances disclosed by this record, the Special Term was not warranted in directing the appellant to pay the trustee's costs and expenses. Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

In the Matter of the Estate of MAX COHEN, Deceased. ROSE M. ROSEN et al., as Administrators of the Estate of MAX COHEN, Deceased, Respondents; ROSE COHEN, Appellant.— On the court's own motion, the decision of this court handed down February 14, 1944 [ante, p. 876], is amended to read as follows: The decedent's widow appeals from a decree of the Surrogate's Court of Kings County adjudging that she is not entitled to any distributive share in the estate, adjudging that a certain postnuptial agreement executed by her and said decedent is valid, and decreeing that letters of administration issue to the respondents; and also from an order denying her motion to vacate the decree and to grant a new trial on the ground of newly discovered evidence. Decree and order unanimously affirmed, with costs to respondents, payable out of the estate. No opinion. Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ. [See post, p. 956.]

In the Matter of JAMES J. HINES, Appellant, against STATE BOARD OF PAROLE, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review the determination of the State Board of Parole in denying appellant's release from prison on parole. Order granting motion of respondent to dismiss the petition for insufficiency unanimously affirmed, without costs. Despite allegations contained in the petition which, if true, indicate unfavorable discrimination by the Board with respect to appellant, the relief which he seeks, even to the limited extent of an order directing the respondent to hear him, cannot be granted. There is no statutory provision for such hearing. Section 214 of the Correction Law provides only for personal appearance of the prisoner before the Board, before release, for the purpose of personal examination and verification of records. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [181 Misc. 280.] [See post, p. 910.]